STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           Docket No.: 12-CR-766
                                        MMM-KEN-11/21/2013


STATE OF MAINE,


v.                          **DECISION AND ORDER**


JEDIDIAH D. WATSON,

        Defendant


This matter is before the Court on Defendant's Motion to Dismiss Count I

(assault) of the Indictment. For purposes of this motion, the parties stipulate to the

following facts:

        1. Defendant did not make physical contact with the alleged victim of the assault.

        2. The alleged victim, Defendant's minor child, was born on September 8, 2011,

and was discharged from the hospital on September 10, 2011. When the alleged victim

was discharged from the hospital, the alleged victim weighed 5 pounds.

        3. On November 7, 2011, the alleged victim weighed 5 pounds and 1 ounce.

Consistent with the stipulations set forth above, at the hearing on the motion, the

State conceded that the assault charge is not based on any physical contact between the

Defendant and the alleged victim. Instead, the State alleges that the assault charge results

from Defendant's failure to provide the alleged victim with basic sustenance, which

failure caused the alleged victim to suffer physical harm (i.e., lack of appreciable weight


1

gain). The issue is thus whether as a matter of law, a person can be guilty of assault in the absence of physical contact of any kind between the person and the alleged victim.

Pursuant to 17-A M.R.S. § 207 (2012), a person is guilty of assault if "[t]he person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person." Given the disjunctive nature of the statute, a person can commit an assault (1) by causing bodily injury, or (2) by offensive physical contact to another person. While it is apparent from the plain language of the statute that some type of physical contact is a necessary prerequisite to a successful prosecution of an assault charge based on "offensive physical contact to another person," the question is whether physical contact is necessary to prove an assault based on bodily injury.

In support of his motion, Defendant relies upon the First Circuit's interpretation of § 207 in *U.S. v. Nason*, 269 F.3d 10 (1st Cir. 2001). In *Nason*, the First Circuit wrote,

> The breadth of conduct covered by the bodily injury branch of the Maine general-purpose assault statute unambiguously involves the use of physical force. In pertinent part, the statute criminalizes the "use of unlawful force against another causing bodily injury." [citation omitted] In turn, all three types of bodily injury specified by Maine's' criminal code (pain, illness, and impairment) contain the same adjectival modifier: "physical" Me.Rev.Stat.Ann. tit. 17-A § 2(5). Common sense supplies the missing piece of the puzzle: to cause *physical* injury, force necessarily must be *physical* in nature. Accordingly, physical force is a formal element of assault under the bodily injury branch of the Maine statute.

269 F.3d at 20.[1] The First Circuit's conclusion is consistent with the Law Court's opinion in *State v. Griffin*, 459 A.2d 1086, 1091 (Me. 1983), where the Court defined "intentionally, knowingly, or recklessly caus[ing] bodily injury ... to another," as "the

---

[1] The First Circuit reiterated its conclusion in *U.S. v. Duval*, 496 F.3d 64, 84 (1st Cir. 2007), where the Court stated, "[b]oth variants of assault regulated under Maine's general-purpose assault statute necessarily involve the use of physical force."

2

knowingly intended *use of unlawful force* against another causing bodily injury as statutorily defined."

The reasoning of the First Circuit is sound. As the First Circuit observed, the statute criminalizes the use of physical force in certain instances (i.e., that which is offensive and that which causes bodily injury). The Court, therefore, concludes that where, as in this case, liability under the assault statute is based on a person causing bodily injury, physical force is a necessary prerequisite for the imposition of liability. Because the parties agree that the assault charge in this matter is not based on physical contact between Defendant and the alleged victim, the Court grants Defendant's Motion to Dismiss and dismisses Count I of the Indictment.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 11/19/13

_____
Justice, Maine Superior Court

3

STATE OF MAINE                              SUPERIOR COURT
   vs                                       KENNEBEC, ss.
JEDIDIAH WATSON                             Docket No  AUGSC-CR-2012-00766
3 A MIDDLE ST
LISBON FALLS ME 04252                       **DOCKET RECORD**

DOB: 08/07/1979
Attorney: JEFFREY TOWNE                     State's Attorney: EVERT FOWLE
         179 MAIN STREET STE 202
         WATERVILLE ME 04901
         APPOINTED 07/02/2013

Filing Document: INDICTMENT                 Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 09/19/2012

## Charge(s)

1   **ASSAULT**                                **09/08/2011 AUGUSTA**
**Seq 8383   17-A   207(1)(B)**           Class C
   **TRACY**                / AUG

2   **ENDANGERING THE WELFARE OF A CHILD**      **09/08/2011 AUGUSTA**
**Seq 4477   17-A   554(1)(B-1)**         Class D
   **TRACY**                / AUG


## Docket Events:

09/20/2012 FILING DOCUMENT -  INDICTMENT FILED ON 09/19/2012

         TRANSFER -  BAIL AND PLEADING GRANTED ON 09/19/2012

         TRANSFER -  BAIL AND PLEADING REQUESTED ON 09/19/2012

09/20/2012 Charge(s): 1,2
         WARRANT - $10,000.00 ON COMP/INDICTMENT ORDERED ON 09/19/2012
         M MICHAELA MURPHY , JUSTICE
         SURETY, OR $1,000 CASH, NO CONTACT WITH DESTINY WATSON, SANDRA YOUNG
09/20/2012 Charge(s): 1,2
         WARRANT - $10,000.00 ON COMP/INDICTMENT ISSUED ON 09/20/2012

         SURETY, OR $1,000 CASH, NO CONTACT WITH DESTINY WATSON, SANDRA YOUNG
09/20/2012 Charge(s): 1,2
         WARRANT -  ON COMP/INDICTMENT EXECUTED BY AGENCY ON 09/20/2012 at 07:52 p.m.

09/28/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/27/2012

10/01/2012 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 10/01/2012

         Bail Receipt Type: CR
         Bail Amt: $1,000
                             Receipt Type: CK
         Date Bailed: 10/01/2012   Prvdr Name: JOSEPH  REEVE
                             Rtrn Name: JOSEPH  REEVE

         BAIL DISBURSEMENT ON 04/04/2013

Check No. 9743   Check Amount: 1,000.00
Paid To: DISTRICT ATTORNEY'S OFFICE
FORFEITED TO DA EXTRADITION ACCT

10/01/2012 Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 09/26/2012
CHARLES DOW , JUDGE
DA: TRACY DEVOLL
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
10/01/2012 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/26/2012

10/01/2012 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 12/04/2012 at 08:45 a.m.

10/01/2012 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 09/26/2012
CHARLES DOW , JUDGE
OR 10,000 SURETY, NO CONTACT WITH DESTINY WATSON OR SANDRA YOUNG 4/16/1981, REVIEWABLE BY
ANY JUSTICE ON ENTRY OF APPEARANCE OF COUNSEL, NO CONTACT WITH CHILDREN UNDER 5 YEARS OLD
10/04/2012 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/28/2012
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
10/04/2012 Party(s): JEDIDIAH WATSON
ATTORNEY - APPOINTED ORDERED ON 09/28/2012

Attorney: STEPHEN BOURGET
10/11/2012 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 10/10/2012

10/16/2012 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 10/11/2012
JOHN NIVISON , JUSTICE
Defendant Present in Court

COPY TO PARTIES/COUNSEL
12/04/2012 Charge(s): 1,2
TRIAL - DOCKET CALL HELD ON 12/04/2012
DONALD H MARDEN , JUSTICE
Defendant Present in Court
12/04/2012 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 02/05/2013 at 09:15 a.m.

01/10/2013 Charge(s): 1,2
TRIAL - DOCKET CALL NOTICE SENT ON 01/09/2013

02/05/2013 Charge(s): 1,2
TRIAL - DOCKET CALL FTA ON 02/05/2013

02/05/2013 BAIL BOND - CASH BAIL BOND DEFAULTED ON 02/05/2013

Date Bailed: 10/01/2012

BAIL DISBURSEMENT ON 04/04/2013
Check No. 9743   Check Amount:  1,000.00
Paid To: DISTRICT ATTORNEY'S  OFFICE
FORFEITED TO DA EXTRADITION ACCT

02/05/2013 BAIL BOND -  CASH BAIL BOND NOTICE SENT ON 02/05/2013

Date Bailed: 10/01/2012
BAIL DISBURSEMENT ON 04/04/2013
Check No. 9743   Check Amount:  1,000.00
Paid To: DISTRICT ATTORNEY'S  OFFICE
FORFEITED TO DA EXTRADITION ACCT

02/07/2013 Charge(s): 1,2
WARRANT - $2,500.00 FOR FAILURE TO APPEAR ORDERED ON 02/05/2013
CARL O BRADFORD , JUSTICE
CASH BAIL, DEFENDANT FAILED TO APPEAR FOR DOCKET CALL
02/07/2013 Charge(s): 1,2
WARRANT - $2,500.00 FOR FAILURE TO APPEAR ISSUED ON 02/05/2013

CASH BAIL, DEFENDANT FAILED TO APPEAR FOR DOCKET CALL
02/07/2013 Charge(s): 1,2
WARRANT -  FOR FAILURE TO APPEAR RECALLED ON 02/07/2013

02/07/2013 Charge(s): 1,2
WARRANT -  FOR FAILURE TO APPEAR CANCEL ACKNOWLEDGED ON 02/07/2013 at 01:00 p.m.

02/07/2013 Charge(s): 1,2
WARRANT - $2,500.00 FOR FAILURE TO APPEAR ORDERED ON 02/05/2013
CARL O BRADFORD , JUSTICE
CASH BAIL, NO CONTACT WITH DESTINY WATSON, DOB 9/8/11, DEFENDANT FAILED TO APPEAR FOR
DOCKET CALL
02/07/2013 Charge(s): 1,2
WARRANT - $2,500.00 FOR FAILURE TO APPEAR ISSUED ON 02/07/2013

CASH BAIL, NO CONTACT WITH DESTINY WATSON, DOB 9/8/11, DEFENDANT FAILED TO APPEAR FOR
DOCKET CALL
03/01/2013 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 03/01/2013

Attorney:  STEPHEN BOURGET
03/07/2013 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 03/07/2013
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
03/07/2013 Party(s):  JEDIDIAH WATSON
ATTORNEY -  WITHDRAWN ORDERED ON 03/01/2013

Attorney:  STEPHEN BOURGET
04/04/2013 BAIL BOND -  CASH BAIL BOND DISBURSEMENT ON 04/04/2013

Date Bailed: 10/01/2012
BAIL DISBURSEMENT ON 04/04/2013
Check No. 9743   Check Amount:  1,000.00
Paid To: DISTRICT ATTORNEY'S  OFFICE

FORFEITED TO DA EXTRADITION ACCT

06/26/2013 Charge(s): 1,2
        WARRANT - FOR FAILURE TO APPEAR EXECUTED BY AGENCY ON 06/26/2013 at 01:42 p.m.

07/01/2013 HEARING - BAIL HEARING HELD ON 06/26/2013
        PATRICK ENDE , JUDGE
        Defendant Present in Court

        BAIL HEARING HELD
07/01/2013 BAIL BOND - CASH BAIL BOND BAIL RELEASED ON 06/26/2013

        Date Bailed: 10/01/2012
        BAIL DISBURSEMENT ON 04/04/2013
        Check No. 9743  Check Amount: 1,000.00
        Paid To: DISTRICT ATTORNEY'S OFFICE
        FORFEITED TO DA EXTRADITION ACCT

07/01/2013 BAIL BOND - $1,500.00 CASH BAIL BOND SET BY COURT ON 06/26/2013
        PATRICK ENDE , JUDGE
        CASH BAIIL OR 10,000 SURETY, NO CONTACT WITH DESTINY WATSON 9/8/11 OR SANDRA YOUNG
        4/16/1981, REVIEWABLE UPON APPOINTMENT OF COUNSEL
07/01/2013 BAIL BOND - CASH BAIL BOND COMMITMENT ISSUED ON 06/26/2013

07/01/2013 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 08/06/2013 at 01:00 p.m.

07/01/2013 BAIL BOND - CASH BAIL BOND RELEASE ACKNOWLEDGED ON 07/01/2013

        Date Bailed: 10/01/2012
        BAIL DISBURSEMENT ON 04/04/2013
        Check No. 9743  Check Amount: 1,000.00
        Paid To: DISTRICT ATTORNEY'S OFFICE
        FORFEITED TO DA EXTRADITION ACCT

07/01/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/01/2013

07/05/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/02/2013

        COPY TO PARTIES/COUNSEL
07/05/2013 Party(s): JEDIDIAH WATSON
        ATTORNEY - APPOINTED ORDERED ON 07/02/2013

        Attorney: JEFFREY TOWNE
07/08/2013 BAIL BOND - $1,500.00 CASH BAIL BOND FILED ON 07/08/2013

        Bail Receipt Type: CR
        Bail Amt: $1,500
                            Receipt Type: CK
        Date Bailed: 07/05/2013    Prvdr Name: RAY ARFT

Rtrn Name: RAY ARFT
*** HOLD BAIL FOR DHS
07/15/2013 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 07/15/2013

Attorney: JEFFREY TOWNE
07/17/2013 MOTION - MOTION TO CONTINUE GRANTED ON 07/16/2013
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
07/17/2013 Charge(s): 1,2
TRIAL - DOCKET CALL CONTINUED ON 07/16/2013
M MICHAELA MURPHY , JUSTICE
07/17/2013 TRIAL - DOCKET CALL SCHEDULED FOR 09/04/2013 at 02:30 p.m.

08/15/2013 MOTION - MOTION TO AMEND COMPLAINT FILED BY STATE ON 08/15/2013

08/26/2013 MOTION - MOTION BILL OF PARTICULARS FILED BY DEFENDANT ON 08/22/2013

Attorney: JEFFREY TOWNE
08/27/2013 HEARING - MOTION BILL OF PARTICULARS SCHEDULED FOR 09/04/2013 at 02:30 p.m.

08/27/2013 HEARING - MOTION BILL OF PARTICULARS NOTICE SENT ON 08/27/2013

08/28/2013 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 08/27/2013

08/28/2013 MOTION - MOTION TO PRODUCE DHHS RECORD FILED BY DEFENDANT ON 08/27/2013

09/05/2013 MOTION - MOTION TO PRODUCE DHHS RECORD GRANTED ON 09/03/2013
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
09/05/2013 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 09/05/2013

09/05/2013 MOTION - MOTION TO CONTINUE GRANTED ON 09/04/2013
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
09/05/2013 HEARING - MOTION BILL OF PARTICULARS CONTINUED ON 09/04/2013

09/05/2013 TRIAL - DOCKET CALL CONTINUED ON 09/04/2013

09/05/2013 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 10/08/2013 at 02:15 p.m.

09/05/2013 HEARING - MOTION TO DISMISS SCHEDULED FOR 10/09/2013 at 08:30 a.m.

NOTICE TO PARTIES/COUNSEL
09/05/2013 HEARING - MOTION BILL OF PARTICULARS SCHEDULED FOR 10/09/2013 at 08:30 a.m.

09/30/2013 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 09/30/2013

Attorney: JEFFREY TOWNE
10/02/2013 OTHER FILING - DHHS RECORD FILED ON 10/02/2013

ON SHELF IN BROWN BOX BEHIND PENNY
10/10/2013 MOTION - MOTION TO CONTINUE GRANTED ON 10/08/2013

M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
10/10/2013 Charge(s): 1,2
TRIAL - DOCKET CALL CONTINUED ON 10/08/2013


10/10/2013 HEARING - MOTION BILL OF PARTICULARS HELD ON 10/09/2013
JOHN NIVISON , JUSTICE
Attorney: JEFFREY TOWNE
DA: FERNAND LAROCHELLE
Defendant Present in Court


PARTIES TO SUBMIT LEGAL AUTHORITY IN CONNECTION WITH MOTION TO DISMISS, PLEASE RETURN TO
ME ON 10/16 FOR MOTION TO DISMISS
10/10/2013 MOTION - MOTION BILL OF PARTICULARS UNDER ADVISEMENT ON 10/09/2013
JOHN NIVISON , JUSTICE
PARTIES TO SUBMIT AUTHORITY
10/10/2013 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 12/03/2013 at 02:15 p.m.


10/18/2013 OTHER FILING - OTHER DOCUMENT FILED ON 10/18/2013


DA: FERNAND LAROCHELLE
STATE'S ARGUMENT
10/21/2013 OTHER FILING - OTHER DOCUMENT FILED ON 10/21/2013


Attorney: JEFFREY TOWNE
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT COUNT 1
11/05/2013 HEARING - MOTION TO DISMISS SCHEDULED FOR 12/04/2013 at 08:30 a.m.


NOTICE TO PARTIES/COUNSEL
11/19/2013 ORDER - COURT ORDER FILED ON 11/19/2013
JOHN NIVISON , JUSTICE
THE COURT CONCLUDES THAT WHERE, AS IN THIS CASE, LIABILITY UNDER THE ASSAULT STATUTE IS
BASED ON A PERSON CAUSING BODILY INJURY, PHYSICAL FORCE IS A NECESSARY PREREQUISITE FOR
THE IMPOSITION OF LIABILITY. BECAUSE THE PARTIES AGREE THAT THE ASSAULT CHARGE IN THIS
MATTER IS NOT BASED ON PHYSICAL CONTACT BETWEEN DEFENDANT AND THE ALLEGED VICTIM, THE
COURT GRANTS DEFENDANT'S MOTION TO DISMISS AND DISMISSES COUNT 1 OF THE INDICTMENT.
11/19/2013 ORDER - COURT ORDER ENTERED ON 11/19/2013


11/19/2013 HEARING - MOTION TO DISMISS HELD ON 10/09/2013
JOHN NIVISON , JUSTICE
Attorney: JEFFREY TOWNE
DA: FERNAND LAROCHELLE
Defendant Present in Court
11/19/2013 HEARING - MOTION TO DISMISS NOT HELD ON 11/19/2013


11/19/2013 MOTION - MOTION TO DISMISS GRANTED ON 11/19/2013
JOHN NIVISON , JUSTICE
COPY TO PARTIES/COUNSEL                                                  COUNT 1
DISMISSED BY ORDER OF JUSTICE NIVISON
11/19/2013 Charge(s): 1
FINDING - DISMISSED BY COURT ENTERED BY COURT ON 11/19/2013
JOHN NIVISON , JUSTICE

A TRUE COPY
ATTEST: _____
Clerk